MARY E. JOHNSON v. THE GRAND LODGE OF THE AN-
CIENT ORDER OF UNITED WORKMEN OF NEW
JERSEY.

Submitted July 1, 1909—Decided March 17, 1910.

One of the rules of a fraternal order provided that "Any suspended
member who has forfeited all his rights by reason of non-payment
of assessments for the beneficiary and guarantee funds may be
reinstated, if he be living, at any time within a period of three
months from the date of such suspension upon the following con-
dition, and none other; that is to say: (1) All assessments
that have been made during the time of suspension shall be paid,
including pending assessments; (2) After thirty days a certificate
of good health shall be furnished by applicant for reinstatement
at the time the assessments are paid, in the manner and upon the
blank prescribed by officers of the order; (3) The financier shall
report the same to the lodge at its next stated meeting, a vote of
the lodge shall be taken by ballot, and, if a majority of the votes
be cast in favor of reinstatement, the member shall be reinstated
and his beneficiary certificate held as in full force, and a record
of the reinstatement shall be made upon the minutes of the lodge."
*Held,* that the second and third conditions of this rule were not
applicable to the case of a suspended member who, within thirty
days after his suspension, had paid all assessments that had been
made during that time, including pending assessments; and that
such payment, made within the thirty days, operated to reinstate
a death benefit certificate, which had been issued upon his life,
as a valid obligation against the order.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and PARKER.

For the demurrants, *J. I. Blair Reiley* and *William A.
Barkalow.*

For the plaintiff, *McDermott & Enright.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff sues upon a death
benefit certificate issued by the defendant organization to her

husband, Austin P. Johnson, who was a member thereof. The certificate contained the express condition that Johnson should in every particular, while a member of the order, comply with all its laws, rules and requirements.

The defendant pleaded in bar of the action that among the rules of the order, and which were a part of the contract with the plaintiff's husband, was one relating to assessments, which provided as follows: "Upon the first legal day of every month an assessment shall be levied upon each member borne upon the roll at the date upon which the assessment is made. The assessments shall be paid by each member to the financier of his lodge on or before the twenty-eighth day of the month in which the assessment is levied, and in default of such payment, and without any action of the lodge or any officer, he shall thereafter stand suspended from all the rights, benefits and privileges arising from membership in the order until he has been reinstated in the manner provided in these laws." The plea then contained an averment that upon the first legal day of the month of January, 1908, an assessment was levied upon the plaintiff's husband, which was required to be paid in accordance with the above rule or regulation to the financier of his lodge on or before the 28th day of January, 1908, and that he did not, nor did anyone else for him, on or before that day, pay the financier of his lodge, or the defendant, the amount of this assessment; that by reason thereof he was suspended, from and after the 28th day of January, 1908, and was deprived by reason of such suspension from all the rights, benefits and privileges arising from membership in the order; that prior to his death he was not reinstated to such rights, benefits and privileges, in the manner provided in and by the laws of the order; and that his beneficiary certificate thereby became null and void, and the right of the plaintiff after his death to participate in the beneficiary fund was forever forfeited and ceased.

To this plea the plaintiff replied that she ought not to be barred by the matter set up therein, for the reason that the rules of the order in force at the time of the transaction mentioned in the plea provided that "Any suspended mem-

ber who has forfeited all his rights by reason of non-payment of assessments for the beneficiary and guarantee funds may be reinstated, if he be living, at any time within a period of three months from the date of such suspension upon the following condition, and none other; that is to say: (1) All assessments that have been made during the time of suspension shall be paid, including pending assessments; (2) After thirty days a certificate of good health shall be furnished by applicant for reinstatement at the time the assessments are paid, in the manner and upon the blank prescribed by officers of the order; (3) The financier shall report the same to the lodge at its next stated meeting, a vote of the lodge shall be taken by ballot, and, if a majority of the votes be cast in favor of reinstatement, the member shall be reinstated and his beneficiary certificate held as in full force, and a record of the reinstatement shall be made upon the minutes of the lodge." The replication then contains an averment that the plaintiff's husband did, in his lifetime, and within thirty days from the date of his alleged suspension—that is, within thirty days after the 28th of January, 1908—pay the defendant the amount of the assessment mentioned in the plea, and alleged to have been levied upon him on the first legal day of the month of January, 1908, together with the full amount of all assessments made or levied by the defendants during the time of the alleged suspension, including all pending assessments, and that the defendant did accept the payment of the said sum and sums, and did retain the same throughout the lifetime of the said member.

To this replication the defendant demurred.

It is to be observed that the rule of the order which the defendants set up as a bar to the plaintiff's action does not necessarily render void the death benefit certificate issued to a member. It does not operate to terminate the member's relations with the order, but merely suspends him from all the rights and privileges arising from his membership until he shall have been reinstated. Among those rights is that evidenced by the benefit certificate. The effect of his rein-

statement is to restore him to all the rights and privileges from which he has been suspended; to place him in the same situation he would have occupied if he had not defaulted in the payment of his assessment; to have his benefit certificate recognized by the order as a valid obligation against it.

Do the facts set up in the plaintiff's replication show that under the rule recited therein the suspension of the defendant had been terminated, and he thereby restored to the rights and privileges of membership before his death?

The contention of the defendant, and the ground of its demurrer, is that by the third clause of the rule of its order appealed to by the plaintiff in her replication, the right to reinstatement of a member who has been suspended for the nonpayment of an assessment does not become absolute upon his payment of all past due assessments, but is in all cases dependent upon a majority vote of the members of his lodge. This does not seem to us to be the true meaning of the rule. As we read it the third clause thereof, requiring a report of the "financier" to the lodge, and a vote of the members upon the question of the reinstatement of the delinquent, only has application when the delinquent delays for more than thirty days after his suspension in making payment of the assessments which have been levied during his suspension, and those which were pending at the time thereof. When he pays those assessments within thirty days after the date of his suspension he is entitled to be immediately restored to all the rights and privileges of membership, not as a matter of grace, but of right. If he pays them after the expiration of the thirty days, and within three months after the date of his suspension, then his right to reinstatement is conditioned upon his furnishing to his lodge a certificate of good health, and the casting by the members of the lodge of a majority vote in favor of his restoration to membership.

According to the averment in the replication plaintiff's decedent made payment within thirty days after the 28th day of January, 1908, of the amount of the assessment set out in the plea, and also of all assessments levied by the

order during the time of his suspension. Such payments were all that were required to entitle him to have his suspension terminated. It was beyond the power of the order, after having received them, to withhold from him thereafter the rights and privileges of membership in its body. One of those rights, as we have already stated, was the right to have his benefit certificate treated as a valid obligation of the order in favor of the beneficiary named therein.

We think the facts set up in the plaintiff's replication constitute a complete answer to the defendant's plea.

The plaintiff is entitled to judgment on the demurrer.